## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JATAZZ WARREN (#530247)**

**VERSUS**

**RAY VITTORIO, ET AL.**

**CIVIL ACTION**

**NO. 17-612-BAJ-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 27, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JATAZZ WARREN (#530247)

VERSUS

RAY VITTORIO, ET AL.

CIVIL ACTION

NO. 17-612-BAJ-RLB

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Ass't. Wardens Ray Vittorio and Joe Lamartiniere, complaining that his constitutional rights are being violated due to conditions of confinement, specifically the lack of ladders to access upper bunks. He prays for injunctive and monetary relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the

veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1999 (5th Cir. 1986).

The plaintiff alleges that he was injured when he was attempting to climb into a top bunk by climbing on the toilet and then the sink due to the bunk beds not being equipped with ladders. The plaintiff alleges that defendants Vittorio and Lamartiniere oversee the plaintiff's housing area and knew of the hazard but failed to remedy it.

The plaintiff's claim regarding the lack of a ladder to access his upper bunk arises under the Eighth Amendment to the United States Constitution and its prohibition against cruel and unusual punishment, including the unnecessary and wanton infliction of pain. *Wilson v. Seiler*, 501 U.S. 294, 297 (1991), *citing Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The prohibition against cruel and unusual punishment mandates that prisoners be afforded humane conditions of confinement and that they receive adequate food, shelter, clothing and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). *See also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (recognizing that "[t]he Constitution does not mandate comfortable prisons ... but neither does it permit inhumane ones"). A constitutional violation occurs only when two requirements are met. First, there is the objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." *Harris v. Angelina County, Texas*, 31 F.3d 331, 334 (5th Cir. 1994), *citing Wilson v. Seiter*, *supra*, 501 U.S. at 304. Second, under a subjective standard, the Court must

determine that the prison officials responsible for the deprivation have been "deliberately indifferent to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995). In applying this standard, the determinative question is whether the defendant prison officials subjectively knew that the inmate plaintiff faced a substantial risk of serious harm, yet disregarded that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, *supra*, 511 at 837. Specifically, prison officials must be shown to have been personally aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and they also must be shown to have drawn the inference. *Id*. While some conditions of confinement may establish an Eighth Amendment violation "in combination," when each would not do so alone, this will occur only when those conditions have a mutually enforcing effect that produces the deprivation of a single, identifiable human need. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists. *Wilson v. Seiter*, *supra*, 501 U.S. at 305. Further, conclusory allegations are not sufficient, and a plaintiff must present facts to support what are otherwise broad and conclusory allegations of wrongdoing. *See Rougley v. GEO Group*, 2011 WL 7796488, *3 (W.D. La. Nov. 7, 2011).

At best the plaintiff's allegations are that of negligence. *See Jones v. LA. Dept. of Public Safety and Corrections*, No. 08-cv-1507, 2009 WL 1310940, *2 (W.D. La. May 11, 2009) ("Plaintiff's allegation that the defendants are responsible for his fall because the top bunks in the Cypress Unit are not equipped with ladders is an allegation of tortious conduct, which cannot serve as the basis for a § 1983 claim"). *See also Connolly v. County of Suffolk*, 533 F. Supp. 2d 236, 241 (D. Mass 2008) (court found that failure to provide ladders for prison bunk beds did not constitute "deliberate indifference" to rights of inmate who fell while attempting to climb to his third tier bed. "The failure of prison officials to equip Plaintiff's bunk bed with a ladder simply does not amount to

a deprivation of "a minimal civilized measure of life's necessities."); *Armstrong v. Terrebonne Parish Sheriff*, No. 06-573, 2006 WL 1968887, *6 (E.D. La. June 6, 2006) ("the constitution does not require ladders for bunk beds" and plaintiff had a reasonable means to get into top bunk had he taken reasonable care for his own safety).

The plaintiff does not allege facts sufficient to establish that the lack of a ladder created a substantial risk of harm, or that defendants were aware of such a risk to the plaintiff, and disregarded the risk by failing to take reasonable steps to abate it.  Rather, the plaintiff merely alleges the same in a conclusory fashion.  As such, the plaintiff's allegations do not state a claim for relief under § 1983, and should be dismissed with prejudice as frivolous and for failure to state a claim for which relief can be granted pursuant to § 1915(e) and § 1915A.[1]

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367.  In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

---

[1] *See Cummings v. Gusman,* No. 09–144, 2009 WL 1649737, at *3 n. 11 (E.D. La. Jun.9, 2009):
    "Regarding the claim that top bunks do not have safety rails, that would at most be a negligence claim. Negligence claims are not actionable under 42 U.S.C. § 1983. *Eason v. Thaler,* 73 F.3d 1322, 1329 n. 3 (5th Cir. 1996) ("[N]egligence is not a theory for which liability may be imposed under section 1983."); *see also Baker v. McCollan,* 443 U.S. 137, 146, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."); *Nesmith v. Taylor,* 715 F.2d 194, 195 (5th Cir. 1983) ("It is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.")."

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[2]  It is further recommended that the plaintiff's Motion to Appoint Counsel (R. Doc. 9) be denied as moot.

Signed in Baton Rouge, Louisiana, on December 27, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."